ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| ███████████████████████ | )  ASBCA No. 60829 |
| | ) |
| Under Contract No. W91B4M-07-C-7167 | ) |

APPEARANCE FOR THE APPELLANT:      Mr. ████████
                                               President

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
                                          Army Chief Trial Attorney
                                          CPT Douglas A. Reisinger, JA
                                          Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL
## ON THE GOVERNMENT'S MOTION FOR RECONSIDERATION

On 6 December 2016, the government timely moved for reconsideration of our 29 November 2016 denial of the government's 24 October 2016 motion for summary judgment. ████████████████████, ASBCA No. 60829, slip op. (Nov. 29, 2016). The government contended that appellant's claim for payment for allegedly delivered crushed stone was time-barred by the six-year statute of limitations set forth in the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. We denied the motion including because, despite arguing that "there is no evidence that the appellant ever submitted a signed, certified claim for the allegedly unpaid amount prior to 8 September 2016," the government "point[ed] to no evidence of the date that appellant presented its claim to the contracting officer." Slip op. at 2.

Where litigants have once battled for a decision, they should neither be required, nor without good reason permitted, to battle for it again. *Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,137 at 176,384. Motions for reconsideration do not afford litigants the opportunity to take a "second bite at the apple." *Id.* In particular, as a general rule, such motions do not provide a vehicle for the introduction of new evidence. *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014) (citing cases). In support of its reconsideration motion (and without addressing the standard of review for reconsideration), the government states that, since the Board denied the motion for summary judgment, "errors of fact" in the record have been corrected with the submission to the Board of appellant's 8 September 2016 certified claim. The government presumably could have, in support of its summary judgment motion, presented the evidence that it points to now, but did not. For these reasons, we deny the motion to reconsider the denial of the government's motion for summary

judgment. Of course nothing in this decision precludes the filing of a new motion for summary judgment that relies upon evidence referenced here.

Dated: 2 February 2017

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60829, Appeal of ███, ███████████████████, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

2